UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

MINDY MILLAR
916 Grant Street
De Pere, Wisconsin 54115

   Plaintiff,

      Case No.: 18-cv-527

  v.

      **JURY TRIAL DEMANDED**

GRANITE STONEWORKS, LLC
1410 Mid Valley Drive
De Pere, Wisconsin 54115

   Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Mindy Millar, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff, Mindy Millar, is an adult female resident of the State of Wisconsin with a post office address of 916 Grant Street, De Pere, Wisconsin 54115.

5. Defendant, Granite Stoneworks, LLC, was, at all material times herein, a commercial entity with a principal address of 1410 Mid Valley Drive, De Pere, Wisconsin 54115.

6. Defendant sells granite countertops and provides other related services.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## **GENERAL ALLEGATIONS**

13. On or about January 30, 2017, Defendant hired Plaintiff as an Administrative Assistant, and she held this position during the entirety of her employment with Defendant.

14. On or about December 6, 2017, Plaintiff's employment with Defendant ended.

15. During her employment with Defendant, Plaintiff reported directly to Aric Patenaude, co-Owner.

16. During the entirety of Plaintiff's employment with Defendant, it compensated her on an hourly basis.

17. From approximately January 2017 to May 2017, Defendant compensated Plaintiff with an hourly rate of pay of $11.00. From approximately May 2017 to December 2017, Defendant compensated Plaintiff with an hourly rate of pay of $12.00.

18. During Plaintiff's employment with Defendant and in addition to her hourly rate of pay, Defendant compensated Plaintiff with commissions for making sales.

19. During Plaintiff's employment with Defendant, she performed work at its physical location: 1410 Mid Valley Drive, De Pere, Wisconsin 54115 (hereinafter simply Defendant's "Wisconsin office").

20. During Plaintiff's employment with Defendant, she performed compensable work at Defendant's Wisconsin office at the direction of Defendant and/or with Defendant's knowledge.

21. During Plaintiff's employment with Defendant, the hours of operation of its Wisconsin office were Mondays through Fridays, 9:00 a.m. to 6:00 p.m., and Saturdays from 9:00 a.m. to 3:00 p.m.

22. During Plaintiff's employment with Defendant and from approximately January 2017 to April or May 2017, her customary days and hours of work were Mondays through Fridays, 9:00 a.m. to 6:00 p.m. with an unpaid, one (1) hour lunch break.

23. During Plaintiff's employment with Defendant and from approximately April or May 2017 to November or December 2017, her customary days and hours of work were Mondays through Fridays, 9:00 a.m. to 6:00 p.m. with an unpaid, one (1) hour lunch break, and Saturdays, 9:00 a.m. to 3:00 p.m.

24. During Plaintiff's employment with Defendant, it compensated her on a bi-weekly basis.

25. During Plaintiff's employment with Defendant, she frequently worked in excess of forty (40) hours per workweek.

26. During Plaintiff's employment with Defendant, its expectation and/or requirement of Plaintiff was that she work at least forty (40) hours per workweek.

27. During Plaintiff's employment with Defendant, it had knowledge that she frequently worked in excess of forty (40) hours per workweek.

28. During Plaintiff's employment with Defendant, it did not have an Employee Handbook or any written employment policies.

29. From approximately April or May 2017 to November or December 2017 and when Plaintiff performed work at Defendant's Wisconsin office on Saturdays, she regularly performed work during the entirety of her shift.

30. From approximately April or May 2017 to November or December 2017 and when Plaintiff performed work at Defendant's Wisconsin office on Saturdays, she regularly was not completely relieved from duty for the purpose of eating a regular meal and/or was not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

31. From approximately April or May 2017 to November or December 2017 and when Plaintiff performed work at Defendant's Wisconsin office on Saturdays, Defendant deducted thirty (30) minutes from Plaintiff's weekly timesheets for an unpaid lunch break or meal period.

32. From approximately April or May 2017 to November or December 2017 and when Plaintiff performed work at Defendant's Wisconsin office on Saturdays, Defendant deducted thirty (30) minutes from Plaintiff's weekly timesheets for an unpaid lunch break or meal period even though and/or regardless of whether she performed compensable work during the entirety of her shift.

33. During Plaintiff's employment with Defendant, she recorded her hours worked and/or work performed via Defendant's electronic timekeeping system via Defendant's computer system.

34. During Plaintiff's employment with Defendant and on a weekly and/or bi-weekly basis, Jason La Chance, co-Owner, received and viewed Plaintiff's hours worked and/or work performed via Defendant's electronic timekeeping system and subjectively determined and/or adjusted, to Plaintiff's detriment, her hours worked and compensation received.

35. During Plaintiff's employment with Defendant and when she performed work at Defendant's Wisconsin office on Saturday, she verbally told La Chance that she was working from 9:00 a.m. to 3:00 p.m. without taking a break, and that Defendant should not be deducting thirty (30) minutes from her timesheets. La Chance told Plaintiff, "We have to deduct a break after you work so many hours," or words to that effect.

36. During Plaintiff's employment with Defendant, it regularly compensated her with commission payments on a bi-weekly basis.

37. The commission payments that Defendant regularly compensated Plaintiff with on a bi-weekly basis were non-discretionary forms of compensation paid to Plaintiff pursuant to an agreed-upon rate or percentage for selling Defendant's products and/or services.

38. During Plaintiff's employment with Defendant, it failed to include Plaintiff's commission payments in her regular rate of pay for overtime calculation purposes on a workweek basis.

39. During Plaintiff's employment with Defendant, it suffered or permitted her to work without appropriately and lawfully compensating her for all hours worked in a workweek, including but not limited to, at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

40. During Plaintiff's employment with Defendant, it failed to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

41. During Plaintiff's employment with Defendant, it suffered or permitted her to work without appropriately and lawfully compensating at with the correct overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

6

42. During Plaintiff's employment with Defendant, it did not compensate her at an overtime rate of pay for each hour worked in excess of forty (40) hours in said workweeks.

43. During Plaintiff's employment with Defendant, her paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including those hours worked in excess of forty (40) hours in a workweek.

44. Defendant's unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff of the appropriate and lawful overtime wages and compensation due and owing to her, in violation of the FLSA and WWPCL.

45. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the WWPCL.

46. Defendant knew or should have known that Plaintiff must be compensated with overtime pay at a rate of time and one half for each hour worked (and for all hours Defendant suffered or permitted her to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and the WWPCL.

47. Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

48. Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay (at the correct overtime rate of pay, inclusive of Defendant's non-discretionary payments to Plaintiff), for work performed during her employment with it for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

7

Case 1:18-cv-00527-WCG   Filed 04/04/18   Page 7 of 12   Document 1

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS

49. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

50. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

51. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

52. Defendant violated the FLSA by failing to compensate Plaintiff with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

53. Defendant violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay at the correct overtime rate of pay for each hour she worked in excess of forty (40) hours each workweek.

54. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed, including at the correct overtime rate of pay, was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay

8

Case 1:18-cv-00527-WCG    Filed 04/04/18    Page 8 of 12    Document 1

overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

55. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

56. Plaintiff is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

57. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

58. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

59. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

60. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

61. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

62. During Plaintiff's employment with Defendant, she performed compensable work in workweeks for which she was not compensated.

63. During Plaintiff's employment with Defendant, she worked hours in excess of forty (40) per workweek for which she was not compensated time and one half.

64. During Plaintiff's employment with Defendant, it failed to include all forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

65. During Plaintiff's employment with Defendant, it unlawfully deducted thirty (30) minutes of compensable work performed from Plaintiff's weekly timesheets during workweeks when she was not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

66. Defendant willfully violated the WWPCL by failing to compensate Plaintiff for all hours worked, including at a rate of time and one half for each hour of overtime worked.

67. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay at time and one half.

68. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

69. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, reimbursement for any expense purchases and/or materials purchased in

10

conjunction with performing her job duties, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

70. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;
2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;
3. Grant to Plaintiff liquidated damages against Defendant; and
4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 4th day of April, 2018

                                                    WALCHESKE & LUZI, LLC
                                                    Counsel for Plaintiff

                                                    ***s/ Scott S. Luzi***                   
                                                    James A. Walcheske, State Bar No. 1065635
                                                  Scott S. Luzi, State Bar No. 1067405
                                                  David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com